Filed 7/29/26  Rupnow v. Deutsche Bank National Trust Co. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| CARMELITA RUPNOW, | B341022 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STCV30001) |
| v. | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lia Martin, Judge.  Affirmed.

Cliff Dean Schneider for Plaintiff and Appellant.

McGuireWoods and Piper A. McCormick for Defendants and Respondents.

_____

## MEMORANDUM OPINION

Carmelita Rupnow contends the trial court erred in granting judgment on the pleadings without leave to amend and dismissing her lawsuit against Deutsche Bank National Trust Company, as Trustee for the Harborview Mortgage Loan Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9; Bank of America, N.A.; and Mortgage Electronic Registration Systems, Inc. We find this matter appropriate for disposition by a memorandum opinion in accordance with the California Standards of Judicial Administration, section 8.1. (See *People v. Garcia* (2002) 97 Cal.App.4th 847, 850–855 [use of memorandum opinions].)

"In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record. Rather than scour the record unguided, we may decide that the appellant has waived a point urged on appeal when it is not supported by accurate citations to the record. [Citations.] Similarly, we may disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [it] wants us to adopt." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.)

Rupnow's first argument concerning res judicata is a conclusory, eight-sentence passage that includes no citations to the record to support her factual assertions, contains only one legal citation to a general description of the function of res judicata, and includes no meaningful legal analysis of either the trial court's reasoning or the law of res judicata. Her second argument, that her First Amended Complaint alleged facts sufficient to state a cause of action, is similarly deficient: not one

of her many factual assertions is supported by a citation to the record, and her argument is replete with conclusory assertions unsupported by meaningful factual and legal analysis. Rupnow has not met her burden "to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.)

Rupnow requests leave to amend her complaint on appeal, but she has not shown " 'in what manner [s]he can amend [her] complaint and how that amendment will change the legal effect of [her] pleading.' [Citation.] The assertion of an abstract right to amend does not satisfy this burden. [Citation.] The plaintiff must clearly and specifically set forth the 'applicable substantive law' [citation] and the legal basis for amendment, i.e., the elements of the cause of action and authority for it. Further, the plaintiff must set forth factual allegations that sufficiently state all required elements of that cause of action. [Citations.] Allegations must be factual and specific, not vague or conclusionary." (*Rakestraw v. California Physicians' Service* (2000) 81 Cal.App.4th 39, 43–44.) Here, Rupnow repeatedly asserts that her complaint can "clearly" or "[c]ertainly" be amended to address various issues, but she does not present factual and specific factual allegations that sufficiently state all required elements of the various causes of action she claims can be amended, with substantive law and the legal basis for her proposed amendments. Her conclusory claims do not meet her burden of showing a reasonable possibility that the defects in her complaint can be cured by amendment. (See *ibid.*; *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

Rupnow has not established any error in granting the motion for judgment on the pleadings without leave to amend.

## DISPOSITION

The judgment is affirmed.  Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

VIRAMONTES, J.

SCHERB, J.